GEORGE H. BERRY *vs.* JOHN DERWART and ELIZABETH DERWART, his Wife.

*Evidence in an action of Ejectment—Application to the Court to be allowed to supply Additional Proof, within its Discretion under its Rules.*

In the chain of title produced by the plaintiff in an action of ejectment for the recovery of a lot of ground on Lee Street in the City of Baltimore, there was a deed from K. to A. and D., trustees, dated the 29th November, 1841; which deed contained no description of the lot sued for in the body or granting part of it, but referred to a schedule annexed, for specification and description of the property conveyed.  The description in the schedule, which

Berry *vs.* Derwart and Wife.

was supposed to embrace the lot sued for, was as follows: Five building lots on Lee near Cove Street, 102 feet, @ $1.25 per foot. It also appeared from this deed that the property embraced by the description just recited, had been conveyed subject to a mortgage from K. to the F. and P. Bank. In the margin of the schedule annexed to the deed of trust, there was a reference to this mortgage as containing a full description of certain property, including the five building lots. The deed of trust to A. and D. contained a power of sale, and it was under and through these trustees by virtue of this power, that the plaintiff claimed title to the lot sued for. Neither the mortgage nor any release thereof was offered in evidence. On exceptions by the defendants, it was HELD:

1st. That the deed from K. to A. and D., trustees, contained no sufficient description of the property to pass the title thereto; and that if the plaintiff had intended to rely upon the description of the property contained in the mortgage, in aid and support of the deed, the mortgage should have been offered in evidence with the deed.

2nd. That there was no sufficient evidence to show legal title to the property in the plaintiff, as even if the deed from K. had been admitted, and had contained a sufficient description of the property, a release or an assignment of the mortgage should have been given in evidence, or evidence given of the payment or extinguishment of the mortgage debt.

A statement appended to the record transmitted to this Court at the instance of the plaintiff's attorney, in respect to an application to be allowed to supply additional proof in the Court below before the conclusion of the trial, but after the evidence had been closed and prayers submitted, if not finally acted on by the Court below, formed no part of the record and was not before this Court for consideration; and even if the matter had been embraced in a bill of exception, the Court's action could not be reviewed, it being within the Court's discretion under rules of Court.

APPEAL from the Circuit Court for Baltimore County.

This case originated in the Baltimore City Court, and was removed on affidavit of the plaintiff to the Circuit Court for Howard County; whence, on affidavit of the defendants, it was removed to the Circuit Court for Baltimore County.

The description of the lot as contained in the declaration in ejectment referred to in the opinion of the Court is as follows:

Beginning for the same on the line of the southeastern side of Lee street, in the City of Baltimore, at the distance of 340 feet, 7 inches, southwesterly from the corner formed by the intersection of the southwestern side of Warner street and the southeastern side of Lee street, and running thence southeastwardly, at right angles, to Lee street, 100 feet, 8 inches, more or less, to an alley 20 feet wide, known as Little Montgomery Street; thence southwestwardly, and binding on the northwesternmost side of said alley 20 feet, 1 inch, to the lot belonging to William H. Keener; thence northwesterly, binding on said lot of said Keener, and at right angles again to Lee street, 100 feet, 8 inches, more or less; and thence easterly or northeasterly, 20 feet 1 inch, to the beginning.

The case is further stated in the opinion of the Court.

*Exceptions.*—At the trial the defendants offered seven prayers; of which it is necessary to set forth only the fifth and seventh:

5.   The defendants move the Court to exclude the copy of a certain deed offered in evidence by the plaintiff, and allowed to come in subject to exception, from David Keener to Armstrong and Dulin, trustees, dated the 29th of November, 1841. 1st, Because the same contains no sufficient description of any property on Lee street, to pass title thereto; [2nd, because the plaintiff has failed to locate any land purported to be conveyed by said deed.]

7.   That there is not sufficient evidence in this case to prove title in the plaintiff, and therefore the plaintiff cannot recover under the pleadings and evidence in this case.

The Court, (*Grason* and *Yellott, J.,*) on the 17th December, 1879, rejected the first, second, third, fourth and

sixth prayers, and granted the fifth as modified and limited by the Court, (such part rejected by the Court being included in brackets,) and also the seventh prayer. The plaintiff excepted.

December 18, 1879.—Motion to introduce new evidence; motion overruled. (Docket entry.)

Same day verdict for defendant, and judgment on verdict for defendant for costs. The plaintiff appealed.

In explanation of the docket entry—"December 18th, 1879, motion to introduce new evidence; motion over-ruled" all the following appears in the record as sent to the Court of Appeals by request of plaintiff's counsel, and is the statement and rules of Court mentioned in the Court's opinion:

And on the 18th December, 1879, before the jury had been instructed, as stated in the 30th Rule of the Circuit Court for Baltimore County, on the law side thereof, and provided in the 31st of said Rules, the plaintiff, by his counsel, made application to said Court to permit the additional documentary evidence to be given of the description of the lots embraced in the deed of David Keener to Armstrong & Dulin, trustees, recorded among the Land Records of Baltimore City, Lib. T. K., No. 314, fo. 346, &c., which lots are therein mentioned as "five building lots on Lee, near Cove street, 102 feet, at $1.25 per foot, $2,100;" and on the margin of said deed, as applicable to said lots—among other property, the words "described fully in a mortgage made to the Farmers' and Planters' Bank in the month of May, 1841," mentioned in the foregoing deed, viz., that from Keener to said trustees—is a mortgage from David Keener to the Farmers' and Planters' Bank of Baltimore, dated the 28th May, 1841; which deed was offered in connection with the deed of release of said mortgage dated 30th November, 1844, recorded among said City Records, Lib. T. K., No. 347, fo. 202, &c.

And said proposal and application for said Court's permission urged in reference to the liberal provisions.

And the rules of Court, in reference to this matter, are as follows:

29. The Court will ordinarily require that all evidence intended to be produced by plaintiff or defendant, shall be offered before any prayer is made to the Court for its instructions thereon. But in special cases, after the plaintiff's case shall have been closed, the Court, in its discretion, will permit the defendant to submit a prayer or prayers involving the right of the plaintiff to recover, and the extent of such right; but if a prayer so offered is overruled, the defendant shall have a right to go on with his case. The Court, in its discretion, may allow a party to offer evidence discovered after closing his case, or which he could not obtain before.

30. After all testimony intended to be produced by plaintiff and defendant shall have been introduced, the Court will expect to be furnished with all the prayers which the parties respectively propose to found thereon. These prayers shall be argued in connection together, unless otherwise directed by the Court, the plaintiff, if he shall have submitted any material proposition not admitted by the defendant, being entitled to open and conclude on the whole. And the Court upon the whole case, will give such instructions as may appear requisite to place the cause fully before the jury.

31. After the jury shall have been so charged or instructed, as contemplated by the preceding rule, no additional prayer will be received, nor additional evidence be given to the jury, unless by permission of the Court.

The cause was submitted by the appellant to, and argued by the appellees before BARTOL, C. J., BOWIE, MILLER, ALVEY and IRVING, J.

*William Jessop Ward,* for the appellant.

*William Burns Trundle,* for the appellees.

ALVEY, J., delivered the opinion of Court.

This case was taken from the jury by the instruction given by the Court below, and, as the case was presented on the part of the plaintiff, we do not see that the Court could have done otherwise.

The action was ejectment for the recovery of a lot of ground in the City of Baltimore, on Lee Street. To maintain the action, it was necessary that the plaintiff should have shown that he had, both at the time of the institution of the suit and at the time of trial, the *legal* title and *right* to possession of the premises sued for. *Carroll vs. Norwood,* 5 *H. & J.,* 155. Without showing this character of right in the premises, there could be no recovery by the plaintiff.

In the chain of title produced by the plaintiff there was a deed from Keener to Armstrong and Dulin, trustees, dated 29th of November, 1841. This deed contains no description of the lot sued for in the body or granting part of it, but refers to a schedule annexed for specification and description of the property conveyed; and the description in the schedule, which is supposed to embrace the lot sued for, is given thus: "Five building lots on Lee, near Cove street, 102 feet, @ 1.25 per foot." It also appears from this deed, that the property embraced by the description just recited, was conveyed subject to a mortgage from Keener, the grantor, to The Farmers' and Planters' Bank of Baltimore. The deed of trust to Armstrong and Dulin contained a power of sale, and it is under and through these trustees, by virtue of the power of sale, that the plaintiff claims title to the lot sued for. Neither the mortgage, nor any release thereof, was offered in evidence, so far as it appears from the bills of exception taken at

the trial; and the admission in evidence of the deed of trust made by Keener being subject to exception by the defendants, the exception was taken by way of prayer for the exclusion of the deed from the jury; which prayer the Court granted, upon the ground that the deed contained no sufficient description of the property in suit. The Court also instructed the jury that there was no sufficient evidence before them to prove legal title in the plaintiff, and therefore their verdict should be for the defendants.

Upon these rulings of the Court, two questions arise: First, whether the deed to the trustees contains a sufficient description of the property to pass the title thereto; and, secondly, whether the Court was right in giving the instruction that there was no sufficient evidence to show legal title to the property in the plaintiff.

1. It is perfectly well settled, both upon reason and authority, that every deed of conveyance, in order to transfer title, must either in terms, or by reference, or other designation, give such description of the subject-matter intended to be conveyed, as will be sufficient to identify the same with reasonable certainty. Here, the deed not professing to convey all the property of the grantor, or even all of his lots or real estate on Lee street, there is really no description or designation of the five building lots on the one side or the other of Lee street; and therefore it would be impossible to locate the lot claimed by the plaintiff, under the description contained in the deed. It is not a question of the sufficiency of the description of the property in the declaration, as seems to be supposed by the appellant, but of the sufficiency of the description in a muniment of title. There is in the margin of the schedule annexed to the deed of trust a reference to the mortgage to the Farmers' and Planters' Bank, as containing a full description of certain property, including the five building lots on Lee

street; and if the plaintiff had intended to rely upon
that description in aid and support of the deed, the mort-
gage ought to have been offered in evidence with the deed;
for the deed alone, unaided by any referential description,
is not legal evidence to show title to the lot sued for, and
is entirely without legal effect for that purpose. *Hammond
vs. Norris*, 2 *H. & J.*, 130, 146.

2. But the Court was not only justified in granting the
prayer excluding the deed, but also in granting the in-
struction that there was no sufficient evidence offered by
the plaintiff to prove legal title in himself, and therefore
he was not entitled to recover. The plaintiff relied alone
upon his paper title, and in order to make that title good,
it was necessary to show a transfer of title from Keener;
and as the deed offered in evidence was insufficient for
that purpose, unaided by the production of the mortgage,
and was therefore excluded, there was a failure of evidence
to show legal title in the plaintiff. But even if the deed
had been admitted, and had contained a sufficient descrip-
of the property, that instrument showing as it does on its
face that it had been made subject to an outstanding
mortgage of the five building lots, there would only have
been an equity of redemption upon which the deed could
have operated; and unless a release or an assignment of
the mortgage had been given in evidence, or evidence had
been given of the payment or extinguishment of the
mortgage debt, the plaintiff would have failed to show
legal title in himself to the property sued for. It is true,
as a general principle, that a Court of law will not per-
mit an outstanding *satisfied* mortgage to be set up against
the mortgagor, or those claiming under him; but, in
order to get rid of the effect of such outstanding title, it
would be incumbent upon the plaintiff to show that the
mortgage debt had been satisfied or in some way ex-
tinguished. *Paxon's Lessee vs. Paul*, 3 *H. & McH.*, 399;
*Beall vs. Harwood*, 2 *H. & J.*, 167, 173; *Peltz vs. Clarke*,

5 *Pet.*, 480, 483. No such proof was offered in this case.

The statement appended to the record, and which, as it appears, has been transmitted to this Court at the instance of the plaintiff's attorney, in respect to an application that had been made to be allowed to supply additional proof in the Court below, before the conclusion of the trial, but after the evidence had been closed, and the prayers submitted, if not finally acted on by the Court, forms no part of the record, and is not before us for consideration. Indeed, if the matter had been embraced in a bill of exception, the action of the Court in overruling the plaintiff's motion would not have been a subject of review by this Court;—the matter being entirely within the discretion of the Court, under the rules of Court set out with the statement. *Telegraph Co. vs. Gildersleve,* 29 *Md.,* 234; *Sparrow vs. Grove,* 31 *Md.,* 214.

The judgment of the Court below must be affirmed, with costs.

*Judgment affirmed.*

(Decided 9th December, 1880.)