(Decided April 1st, 1898).

## SAMUEL H. FERSNER *vs.* DAVID BRADLEY & CO. ET AL.

*Appeal—Statement of Fact in Opinion of Trial Court—Action
Against Firm When Only One Partner is Summoned—Affidavit
to Bill of Sale of Personal Property—Certificate as to Official
Character of Magistrate—Description of Property in Bill of Sale.*

A statement in the opinion of the trial Court that the case was sub-
mitted by both parties upon bill, exhibits and answer, must be taken,
upon appeal, to be correct. If such was not really the fact, the ap-
pellant should have applied to the Court below to have the error
corrected.

In a suit against two persons as partners, only one of whom is returned
summoned, the plaintiff may proceed to judgment against the party
summoned.

A bill to restrain the levy of an execution upon certain property alleged
that the judgment was rendered in an action against A. and B.,
partners ; that they were not partners ; and that only A. was sum-
moned ; that the plaintiff obtained title to the property in question
by a bill of sale from A. executed prior to the rendition of the judg-
ment. *Held*, that since plaintiff claimed title to the property through
A., and the judgment against him in a joint action was valid, it was
immaterial whether B. was a partner of A., or whether he was sum-
moned or not.

Under Code, Art. 21, sects. 42, 49, a bill of sale of chattels, when the
vendor remains in possession, must be verified by the affidavit of the
vendee, made before a magistrate authorized to take acknowledg-
ments, and if the affidavit be made before a magistrate in a different
county than where the bill is recorded, there must be a certificate as
to his official character by the clerk of the Court of that county.
*Held*, that a bill of sale of property situated in one county and there
recorded, is fatally defective as against third parties, when the affi-
davit of the vendee was made before a justice of the peace in
another county, and there was no certificate of the clerk of the Court

of that county as to his official character. Such certificate made after the bill was recorded and subsequently filed, can have no effect.

A bill of sale of personal property, when the seller remains in possession, should contain a reasonably correct description of the property. A bill conveying a "one-half interest in eight horses, and one-half interest in five buggies and six double rigs," without other means of identification, is too vague and indefinite.

Appeal from a decree of the Circuit Court for Allegany County (SLOAN, J.) The bill of sale referred to in the opinion of the Court was as follows : " I, Lewis F. Fersner, of Allegany County, State of Maryland, in consideration of seven hundred and thirty-five dollars, and paid me by Samuel H. Fersner, of ·Washington County, State of Maryland, do hereby bargain and sell unto the said Samuel H. Fersner, the following personal property situated in Allegany County, Maryland, to-wit : One-half interest in 8 horses, one-half interest in five single buggies, one-half interest in six double rigs, one-half interest in 3 sets double harness, one-half interest in six sets single harness, one-half interest in all feed on hand, one-half interest in all book acts.    Witness my hand and seal," etc.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and PEARCE, JJ. (Feb. 11, 1898).

*Charles G. Watson* (with whom was *J. W. S. Cochrane* on the brief), for the appellant.

*Clayton Purnell* (with whom was *W. C. Devecmon* on the brief), for the appellees.

BOYD, J., delivered the opinion of the Court.

The appellant obtained a preliminary injunction against the appellees to prohibit them from proceeding with an execution issued on a judgment obtained in the Circuit Court for Allegany County, by David Bradley and Company against Lewis F. Fersner, and Sebering J. Phelps, trading as Fersner and Phelps.    The defendants answered and

made a motion to dissolve the injunction. That motion was set down for hearing on the 6th day of May, 1897, and on that day exceptions to the answer of David Bradley and Company were filed. The exceptions were overruled, the injunction was dissolved and the bill of complaint dismissed. The learned Judge below stated in his opinion that "no objection was made to hearing the case at the instance of the defendant upon bill, exhibits and answer, in fact it was submitted by both parties." It is contended by the appellant that there was a misapprehension on the part of the Court and that it was not intended to submit the motion to dissolve, but only the exceptions to the answer, but we must be governed by what appears in the record. If there was that misapprehension on the part of the Judge below, as claimed by the appellant, application should have been made to him to have the alleged error in that respect corrected, but instead of adopting that course an appeal was entered from the decree dissolving the injunction and dismissing the bill without any further proceedings in that Court. The statement of the Judge is therefore conclusive and must be assumed by us to be correct. *Maryland Ice Company* v. *Arctic Ice Company*, in list of unreported cases, 80 Md. xviii (30 Atl. Rep. 633).

We being required to assume that the motion to dissolve was submitted on bill, exhibits and answers, we must determine from them whether the plaintiff was entitled to a continuance of the injunction. The bill alleges that an execution had been issued on the judgment of David Bradley and Company against Fersner and Phelps, and levied upon certain property of the plaintiff, acquired from the said Lewis F Fersner by purchase on the 26th day of May, 1895, by a bill of sale filed as an exhibit; that the judgment was illegally and improperly rendered, as there never was such a firm as Fersner and Phelps, and Phelps was not summoned but was returned "*non est*" by the sheriff. It admits that Lewis F. Fersner was duly returned summoned, and as he was the person through whom the plain-

tiff claims an interest in the property levied on, we cannot
understand how the fact that Phelps was not summoned
can in any way concern the plaintiff. If the individual
property of Phelps should be levied on under an execution
issued on that judgment, the Court may be called upon to
inquire into that question, but without stopping to inquire
how far a third person can thus collaterally attack a judg-
ment, there is nothing in the bill from which it can be de-
termined or even inferred that Lewis F. Fersner was not
bound by the judgment, but on the contrary it alleges he
was summoned. David Bradley and Company could there-
fore properly proceed to judgment against him (*Loney* v.
*Bailey*, 43 Md. 10), and as the appellant claims the prop-
erty levied on through him, it is not material to the case
whether Phelps was summoned or whether he was a part-
ner of Lewis F. Fersner.

The only remaining question that we need pass upon is
whether the property levied upon was shown to belong to
the plaintiff. The answer denies that the plaintiff at the
time of the levy owned or had any interest in it. The only
evidence of any interest the plaintiff had in it was the bill
of sale. The bill of complaint expressly relies on it for his
title. It alleges that the execution was levied upon the
" property of your orator acquired from the said Lewis F.
Fersner by purchase on the 26th day of May, A. D. 1895,
by bill of sale herewith filed "—that date being prior to the
time the judgment above spoken of was rendered. It is
not alleged that the property was delivered to the complain-
ant by Lewis F. Fersner, nor is there any other allegation
that relieves him from the necessity of relying on the bill of
sale as his sole evidence of title to the property, and an ex-
amination of that shows it to be fatally defective. It was
executed by the vendor in Allegany County, where he
resided and where the property was said to be, but the affi-
davit was made by the vendee before a Justice of the Peace
in Washington County, and the official character of the
justice was not certified to by the Clerk of the Circuit Court

for that county as required by the statute.    It is true there was attached to the bill of sale a certificate of the Clerk of that Court dated the 10th day of April, 1897, but that was nearly two years after the bill of sale was executed and recorded, and of course can have no effect.    Section 49 of Art. 21 of the Code provides that no bill of sale or mortgage of personal property shall be valid, except as between the parties, " unless the bargainee or vendee, or mortgagee * * * * shall make the affidavit required to be made by mortgagees of real estate."    It can be made at any time before recording before any person authorized to take the acknowledgment of such bill of sale or mortgage.    Section 42 of that Article, as amended by ch. 663 of the laws of 1892, provides that a bill of sale or chattel mortgage can be acknowledged in this State before any officer authorized to take acknowledgments of deeds within the State, in the same manner as deeds are acknowledged, and section 3 (ch. 4 of the laws of 1892), expressly requires the certificate of the Clerk when a deed is acknowledged before a Justice of the Peace out the county where the property is.    The cases of *Knell* v. *Building Association*, 34 Md. 71, and *Dyson* v. *Simmons*, 48 Md. 207, cited by the appellant, have no application to this question.

The bill of sale is also defective in the description of the property.    It undertakes to sell, together with other property, " one-half interest in eight horses " without any other description of the horses or even stating where they were, excepting to say they were in Allegany County.    Property of that character should be described with at least reasonable certainty.    The age, color, name, some distinctive mark, or something by which the animal could be to some extent identified should be given.    It may not always be practicable to give a very accurate description of animals, but it is useless to require bills of sale to be placed on record for the protection of third persons, if such description as the above be held sufficient.    That might apply to any eight horses in Allegany County, and if permitted might be the

means of perpetrating a fraud on the owner's creditors or imposing on innocent parties purchasing horses.   This criticism also applies to some of the other property included in the bill of sale.   The bill of complaint does not inform us whether all or only a part, and if not all, what part, of the property included in the bill of sale was levied on, but the description of the buggies and " double rigs," as they are called, is certainly very indefinite.   If they could not be designated by the name of the manufacturer or particular style of vehicle, it could at least have been stated where they then were, who owned the other half, or some description given that would enable persons who might be interested to form some idea as to what particular vehicles were intended to be included.   The bill of sale therefore did not pass such title as would enable the complainant to assert it against creditors of Lewis F. Fersner.

So, without intending to be understood as conceding the right of the complainant to the interposition of a Court of Equity on the allegations in his bill of complaint, even if the bill of sale had been in due form, we will for the reasons given affirm the decree of the Court below.

> *Decree affirmed, the costs to be paid*
> *by the appellant.*

(Decided April 1st, 1898).