**In the Matter of The JOHN HOOS CO.,**
**Bankrupt.**

**No. 11142.**

United States District Court
D. Maryland.

March 22, 1962.

Irving B. Grandberg, Baltimore, Md., for trustee.

Proctor, Royston & Mueller, Towson, Md., for Mercantile-Safe Deposit & Trust Co.

WINTER, District Judge.

The Trustee's petition to review an order of the Referee questions the validity of a chattel mortgage on certain personal property given by the Bankrupt, a body corporate engaged in the sale of hotel and restaurant supplies and equipment in Baltimore County, Maryland, to Mercantile-Safe Deposit and Trust Company (hereinafter called "Mercantile") to secure a $15,000.00 loan.

After the Bankrupt consented to an adjudication, Mercantile filed its proof of claim as a secured creditor, exhibiting the chattel mortgage, the note it secured, and a statement showing an unpaid balance of $10,230.28, with 5½% interest from December 9, 1959. A sale of the mortgaged personalty was conducted by the Trustee under an order of the Referee which transferred the lien of the mortgage to the proceeds of sale; and, after a hearing and the filing of formal findings of fact and conclusions of law, the Referee sustained the validity of the mortgage and directed the Trustee to pay Mercantile the sum of $10,230.28, less its proportionate share of the ex-

penses of the proceeding, a net sum of $9,667.61.

The chattel mortgage, which was duly recorded among the Chattel Records of Baltimore County, and which was otherwise in standard and usual form, recites that as security for the prompt payment of the principal sum, the Bankrupt

"* * * does hereby bargain and sell unto the Mortgagee, its successors and assigns, any and all personal property now located at 9221 Harford Road, Baltimore County, Maryland, including but not limited to, all silverware, dishes, china, commercial cooking utensils, glassware, fixtures, office furniture, etc.

"The Mortgagor hereby covenants that it shall not during the term of this mortgage reduce the wholesale value of the personal property herein mortgaged below the sum of Fifty Thousand ($50,000.00) Dollars.

"The Mortgagor further covenants that it is the legal owner of the personal property above described, and that it is free and clear of any lien, claim or encumbrance, and that it will not convey its interest therein or remove it from the premises where it is now located (9221 Harford Road, Baltimore County, Maryland) or from the State of Maryland, without the written consent of the Mortgagee. * * *"

The Trustee contends that the Referee was in error in two regards. First, that the description of the mortgaged personalty was legally insufficient to meet the standards of the law of Maryland, the place where the mortgage was executed and the situs of the personalty [1] and, second, that the mortgage was intended to apply to a moving and shifting stock of merchandise, including after-acquired property, and as such was void as to the Bankrupt's creditors. The Trustee argues that on either or both of the grounds, title to the mortgaged personalty passed to the Trustee,[2] and Mercantile is relegated to a claim as a general, and not a secured, creditor.

■ There is no merit in the Trustee's first contention. The Maryland cases concerning the sufficiency of property descriptions in chattel mortgages have been recently reviewed in Phillips v. J. F. Johnson Lumber Co., 218 Md. 531, 147 A. 2d 843 (1959). See also, Note, XX Md.L. Rev. 282 (1960). In view of the careful analysis in the Phillips case, extensive discussion here is unnecessary, except to say that the general test for determining the adequacy of a description is met if (p. 542, 147 A.2d p. 849) " * * having in mind the nature of the property, the description is such as to enable third persons, aided by inquiries which the mortgage itself suggests, to identify the property." In the course of its opinion in the Phillips case, the Maryland Court of Appeals cited with approval the opinion of Judge Chesnut in In re Oliver C. Putney Granite Corporation, 14 F. Supp. 31 (D.C.Md.1936), a case closest on its facts to the description in the case at bar. In the Putney case, Judge Chesnut held sufficient a description which read: " * * * all the tools, machinery, appliances and other personal property now used by the mortgagor in the operation of its stone-cutting plant located upon the real estate hereinbefore described, including specifically one Electric

1. Annotated Code of Maryland, Art. 21, § 46, provides that a mortgage of personal property shall be executed, acknowledged and recorded in the same manner as a bill of sale, while Art. 21, § 42, requires that "Any bill of sale of personal property shall be sufficient in form if it contains the names of the parties, the consideration, *a description of the property conveyed*, and be signed and sealed by the vendor, and dated." Thus, the question presented is whether there was compliance with the italicized portion of § 42.

2. Section 70, sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a(5), provides that the Trustee shall be vested, as of the date of the petition, with the title of the bankrupt to all property, including any " * * * which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered * * *."

Crane one Electrically driven Compressor one Gang Saw Carborundum Saw Polishing Mill Surfacing machine and Pneumatic tools," and the essence of Judge Chesnut's opinion rested upon the recital of the location of the premises where the articles thereby subjected to the lien were to be found. In the case at bar, the mortgage makes clear that only those items of silverware, dishes, china, commercial cooking utensils, glassware, fixtures and office furniture located at 9221 Harford Road, Baltimore County, Maryland, are the items subjected to the lien. By far the greater majority of them are such that a more precise description would be impossible. In any event, it seems clear that as to them, the description is such as to enable third persons, having in mind the address 9221 Harford Road, Baltimore County, Maryland, to identify the property.

█ Conversely, the use of "etc.," even in connection with a street address, does not constitute a sufficient description of anything. However, the use of "etc." gives rise to a contention on the part of the Trustee that the entire description is thereby rendered invalid. The severability of the portions of a mortgage description has not been considered by the Maryland Court of Appeals as such, but at least two Maryland cases have clearly indicated what the answer would be.

In the first, First National Bank, etc. v. Lindenstruth, 79 Md. 136, 28 A. 807 (1894), the mortgage was made on a stock in trade with the provision that "all stock of goods replaced after the sale of any or all of the stock, goods, merchandise, and other property hereby granted shall be substituted for those hereby granted," a so-called after-acquired property clause. First National Bank became a judgment creditor of Lindenstruth and, after a *fi fa* was returned *nulla bona,* brought a bill in equity praying that the mortgage be set aside as a fraudulent conveyance, *inter alia,* because of the after-acquired property clause, although the prayer for ultimate relief was that the judgment be paid *after the debt se-*

cured by the mortgage had been first satisfied. In dealing with the after-acquired property clause, the Court made this significant statement (p. 140, 28 A. at p. 809): " * * * such a provision, *whilst not, of itself, rendering the mortgage void,* as fraudulent, is at law, simply a nullity." (Italics supplied.) Later, the Court added (p. 141, 28 A. at p. 809): "Inasmuch, then, as the mortgage was ineffectual to create at law a lien upon after-acquired property, it follows that, as to all *such* property, the mortgage was no impediment to the enforcement of the execution issued on the bank's judgment." (Italics supplied.)

The second, also an after-acquired property clause case, is Weiprecht v. Ripple, 217 Md. 337, pp. 344–345, 143 A. 2d 62, p. 66 (1958), and again, the Court said: "This Court has held repeatedly that a chattel mortgage which provides that after-acquired merchandise shall be substituted for the original stock of merchandise, although not void as fraudulent, is a nullity *at law.* * * * But it has also been held that a similar provision in a mortgage is valid and enforceable *in equity* under some circumstances. * * * " Again, in this case, it was conceded that the mortgagee was entitled to the proceeds derived from the sale of the personal property described in the mortgage, other than the after-acquired property.

█ These two cases strongly suggest, if not decide, that as a general proposition, where a chattel mortgage which includes a description of a number of items of personal property subject to the lien of the mortgage and the description of some of the items is legally insufficient, the mortgage is nevertheless valid as to those items for which the description is legally sufficient. In the case at bar, I so hold.

█ The Trustee's second contention has no greater merit. Chattel mortgages of stocks in trade are not under Maryland law, *per se,* invalid, Hudson v. Warner & Vance, 2 Har. & G. 415 (Md. 1828); Hamilton & Robinson v. Rogers,

8 Md. 301 (1855); Rose & Gauss v. Bevan, 10 Md. 466 (1857); First National Bank, etc. v. Lindenstruth, 79 Md. 136, 28 A. 807 (1894); Clark v. Grimes, 232 F. 190 (D.C.Md.1916), aff'd. 234 F. 604 (4 Cir. 1916); Edelhoff v. Horner-Miller Mfg. Co., 86 Md. 595, 39 A. 314 (1898); Weiprecht v. Ripple, 217 Md. 337, 143 A. 2d 62 (1958). The principal problem they present arises out of an attempt by the mortgagee to subject replacement stock to the mortgage lien. See Arnold, After-Acquired Property As Mortgage Security in Maryland, XIX Md.L.Rev. 294 (1959). But even that problem is not presented by the case at bar.

It is true, as the Trustee argues, that the provision of the mortgage wherein the Bankrupt covenanted not to reduce the value of the mortgaged property below $50,000.00 is some evidence of an intention on the part of the parties to subject after-acquired property to the lien.[3] Also supporting a construction that the mortgage should extend to after-acquired property are the economic realities recognized by the Maryland Court of Appeals, in the Lindenstruth case, supra, that (79 Md. p. 140, 28 A. at p. 808), " * * * to hold that a merchant cannot mortgage his goods without closing his doors would be to hold that a chattel mortgage upon such property is worthless."

But this evidence, however strong, is not enough. Absent a clean cut, express provision purporting to subject after-acquired property to the mortgage lien, the Maryland law results in the conclusion that the mortgage in the case at bar does not have application to after-acquired property, for, as was said in the Weiprecht case, supra (217 Md. p. 345, 143 A. 2d p. 66):

" * * * we do not reach the question he has stressed [claim of equitable lien in after-acquired property] for the simple reason that

there is no mention whatever in the chattel mortgage of after-acquired property to which a *lien* of any sort could have attached. Generally, if the mortgage fails to specify an intention to create a lien on after-acquired merchandise, no lien will arise. Or, stated conversely, if there is an intention that after-acquired merchandise shall 'feed the lien' of the mortgage, a specific provision to that effect must be included in the mortgage. * * *."

Like the case at bar, the parties in the Weiprecht case, had entered into an agreement, in that case by separate instrument, requiring the mortgagor to maintain a stock in trade of certain minimum value.

Should there be any doubt but that the Weiprecht case removes the mortgage in the case at bar from the area of controversy, the agreements of the parties have cured the defect. At the time that the Trustee sought to sell the Bankrupt's property, Mercantile countered with a petition to reclaim, and in order to permit the sale to go forward as scheduled, the Trustee and Mercantile stipulated that there was then in the possession of the Trustee property of sufficient value to satisfy the unpaid balance of the mortgage, which property was in the possession of the Bankrupt at the time the mortgage was executed. The stipulation was repeated before the Trustee at the hearing on Mercantile's claim and before me at the hearing on the Trustee's petition to review. The stipulation was made initially when the bankrupt estate was appraised at $24,619.50, including some property not covered by the mortgage, viz., two automobiles at an aggregate value of $1,750.00 and property belonging to others valued at $275.00. At sale there was realized the sum of $21,550.00. True it is that Merchantile has never been required to identify the specific

---

3. Just why this provision was necessary at all is problematical in the light of the additional covenant that the Bankrupt would not sell without Mercantile's consent. In this connection, however, the

president of the Bankrupt testified that the general covenant not to sell was not observed by the Bankrupt, if indeed it was even known to it.

items to which its lien attached, but, under the circumstances, there was no necessity for it to do so. In the light of the stipulation and the facts, there is here no real problem involving after-acquired property.

For the reasons set forth above, the order of the Referee is affirmed.