JOSEPH NEEL *vs.* EDWARD HUGHES, *et al.*
*December*, 1838.

When the instruction given by the court is of such a character as probably to diminish or increase the quantum of damages, the unsuccessful party is entitled to his exception.

Every conveyance must either on its face, or by words of reference, give to the subject intended to be conveyed, such a description as to identify it. If it be land, it must be such as to afford the means of locating it.

The deed of a trustee acting under a chancery decree, is subject to the same law, nor can it convey more than the decree or order has authorized him to convey.

And such a deed will not pass to the purchaser a title to land, which the court never directed to be sold, or the sale of which has not been confirmed.

APPEAL from *Montgomery* county court.

THIS was an action of *trespass vi et armis*, brought on the 15th of March, 1833, by *Edward Hughes, Edward Hughes and Mary his wife*, and Eleanor and Eliza Holmes, against the appellant *Joseph Neel*, for breaking and entering their close, and taking and carrying away and converting to his own use certain trees, &c. The defendant pleaded not guilty, on which issue was joined, and upon motion of the plaintiffs, a warrant of resurvey was issued.

At the trial of the cause, the plaintiffs to maintain the issue joined on their part, and to prove title to the land on which the trespass is alleged to have been committed, offered in proof, a patent for a tract of land called Mount Pleasant, granted on the 22d January, 1760, to Benjamin Wofford, and his heirs—a deed from said Wofford, dated 20th Novem-

ber, 1764, to Jeremiah Spiers, in fee for the same tract—
and also proved that said land descended, as to one moiety,
to the plaintiffs, Mary, Eleanor and Eliza, and as to the
other moiety to one George Riley—and the plaintiffs to
prove that the title of George Riley had been conveyed to
*Edward Hughes*, the other plaintiff in the cause, offered in
proof, the proceedings of Montgomery county court, in a
certain cause, on behalf of the infant heirs of the said
George Riley, by which it appeared that the said court, on
the 30th May, 1828, decreed, that all the right, title and
estate of which George Riley died seized in a tract or parcel
of land situate in Montgomery county, Maryland, called the
"*Cow Pasture*," part of "*Mount Pleasant*," and part of "*Benson's Discovery*," containing 202 acres, and such part of a
lot in the town Rockville, number 37, as may be necessary
to produce the sum of $663 25, and the expenses of the
sale, and this proceeding, be sold for the purpose of paying,
&c. that to carry this decree into effect, Uriah Forrest was
appointed trustee, &c.   The trustee having given bond, advertised that he would expose to public sale at, &c. " all the
right, title, and interest of the heirs of George Riley deceased,
the same being an undivided moiety, of, in, and to, the following tracts, pieces or parcels of land, viz : part of a tract
called the *Cow Pasture*," part of a tract called *Mount Pleasant*, and part, &c. containing in the whole 404 acres, &c.
The trustee reported that in pursuance of the decree he had
advertised the land mentioned in the decree for sale ; that
Arnold T. Mason became the purchaser, &c. and had since
conveyed his purchase to *Edward Hughes*, who had complied
with the terms of sale.   This sale was finally ratified.   The
deed of the trustee to *Hughes* described the estate sold, as
all the right, title, and interest of the heirs of George Riley,
of, in, and to all that tract or parcel of land, lying in said
county, called *Mount Pleasant*, patented to Benjamin Wofford, &c.

The defendant thereupon prayed the court to instruct the
jury, that the decree contained in said proceedings, having

ordered a sale of all the right, title, and estate, of which George Riley died seized, "*in part*" of the tract of land called *Mount Pleasant*, that the trustee's deed to the said *Edward Hughes*, did not on that account, convey *an undivided moiety* of the said tract of land, called *Mount Pleasant*. Which instruction the court (*T. B. Dorsey, Ch. J.* and *N. Brewer, Jr., J.*) refused to give. The defendant excepted, and the verdict and judgment being against him, he brought this appeal.

The cause was argued before BUCHANAN, Ch. J., STEPHEN, ARCHER, CHAMBERS, and SPENCE, Judges.

By A. C. MAGRUDER, for the appellant, and R. J. BOWIE, for the appellee.

CHAMBERS, Judge, delivered the opinion of the court.

The facts in the record shew that the instruction asked for had a direct influence on the character of the verdict, by lessening or increasing the quantum of damages, and wherever such a result will probably follow, the unsuccessful party is entitled to his exception.

If the title of Riley had been vested in *Edward Hughes*, as was claimed, then the jury must assess the entire damages in this action ; whereas, if according to the position of the appellee's counsel, the suit could be maintained by the plaintiff's owning one-half the interest in the property, the jury should have given but half the damages. It is therefore unnecessary to decide, whether the action could have been sustained without the proof objected to.

The argument has assumed that the opinion asked for was substantially, whether any interest passed by the trustee's deed to *Edward Hughes*.

The language of the motion is, that it did not convey an "*undivided moiety*" of the tract; but in connection with the other parts of the record, we think ourselves warranted in regarding it, as it seems to have been considered in argument here, and in the court below, that the refusal to grant

the instruction asked for was an assertion that the deed did convey the title of which George Riley died seized.

Every conveyance must either on its face, or by words of reference, give to the subject intended to be conveyed, such a description as to identify it. If it be land it must be such as to afford the means of locating it.

The deed of a trustee acting under a chancery decree is subject to the same law, nor can it convey more than the decree or order has authorized him to convey.

This is not like the case, where a trustee avowedly going beyond the terms of his decree, sells property in a mode, or with conditions variant from the decree, or in any way exceeds his authority, and reports the whole matter to the court, and obtains a confirmation of all his proceedings.

If the trustee in his report of this sale, had made a perfect description of the property sold, and the sale had been ratified, it would have been within the cases referred to.

The report in this case states that the trustee had sold the land mentioned in the decree.

The advertisement to which the counsel referred us, proposes to sell " all the right, title and interest, being an undivided moiety, of, in, and to the following tracts, pieces, or parcels of land, viz: part of a tract of land called the *Cow Pasture, part of a tract* called *Mount Pleasant*, &c."

What portion of the tract, whether on the one side, or the other, is no where described, nor is a reference made to any means of ascertaining it.

The quantity of land proposed to be sold out of the tract called Mount Pleasant, is not stated in the petition, decree, advertisement, or report; but if it had been stated, there is nothing to entitle the purchaser under this description, to one particular part of the tract more than another. The terms apply as well to any one portion, as to any other, and to no one portion particularly.

The deed of a trustee acting under the authority of the court, cannot pass title to a purchaser in land, which the court have never directed to be sold, or the sale of which

they have never confirmed. The deed is only designed to transfer the legal title, where the sale and ratification had previously given the equitable title. Here the defect in the petition and decree, and in the proceedings of the trustee, prevented the purchaser from obtaining any title to any part of this tract, and the deed could not remedy it, and did not therefore pass any interest in the lands.

For these reasons we think the court erred.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.