CHARLES A. STAIR ET UX. *v.* WILLIAM G. MILLER
ET AL.

[No. 1378, September Term, 1981.]

*Decided July 9, 1982.*

The cause was argued before MORTON, THOMPSON and LISS, JJ.

*Sidney Schlachman,* with whom were *George E. Reuling* and *Steinberg, Schlachman, Potler, Belsky & Weiner* on the brief, for appellants.

*Elwood E. Swam* for appellee Miller. *Marker J. Lovell,* with whom was *David H. Taylor* on the brief, for appellees Ralph E. Koontz and Treva I. Koontz.

THOMPSON, J., delivered the opinion of the Court.

Charles A. Stair and Lorraine D. Stair, his wife, appellants, complain because the chancellor, Luke K. Burns, Jr., sitting in the Circuit Court for Carroll County, granted William G. Miller, one of the appellees, a right-of-way by necessity over their property instead of that of Ralph and Treva Koontz, also appellees.

The appellee, Miller, is the owner of six acres of land without road frontage. This land is separated from the Pleasant Valley Road by land of Ralph and Treva Koontz, and from Hughes Shop Road by land of the appellants and others. The appellants' first assertion is:

> "I. An Equity Court Should Refuse to Create An Easement Over The Land of One Neighboring Landowner When An Easement Currently Exists Over the Land of Another Neighboring Landowner."

The Stairs contend the chancellor erred in granting the way of necessity over their land when there was a right-of-way existing over the land of Koontzes. The argument is without merit. In order to establish a right-of-way by necessity, it must be demonstrated that the land for the benefit of which the easement is claimed and that over which

it is claimed belonged to the same person at the same time. *Michael v. Needham,* 39 Md. App. 271, 384 A.2d 473, *cert. denied,* 283 Md. 736 (1978). Although all the properties herein involved were at one time owned by a single ownership, the Koontz land was sold off prior to that of the lands of the remaining parties hereto and at that time all parcels had road frontage; therefore, there can be no right-of-way by necessity over the Koontz land. *Oliver v. Hook,* 47 Md. 301 (1877). *See also, Hancock v. Henderson,* 236 Md. 98, 202 A.2d 599 (1964); and *Johnson v. Robinson,* 26 Md. App. 568, 338 A.2d 88, *cert. denied,* 276 Md. 748 (1975). There is no contention that there was an express grant of a right-of-way over the Koontz land and there is no evidence which would establish a right-of-way by prescription.

"II. When Locating An Easement By Necessity, A Trial Court Should Make Specific Findings Concerning the Degree of Burden Placed on the Servient Tenement."

The appellants assert that the trial judge failed to consider whether the right-of-way specified was the least burdensome and most reasonable route across appellants' land. We agree.

In directing the location of the easement, the trial court ordered:

FURTHER ORDERED AND DECREED that said Right of Way by Necessity shall run from the southwest portion of the Miller tract in a westerly direction for a distance of approximately eight hundred and seventy-five (875) feet and twenty (20) feet wide across the property of the Respondent, Charles A. Stair and Lorraine D. Stair, to Hughes Shop Road, in direct line with the depicted seven (7)-foot farm road on the R.T.F., Inc. survey of the William G. Miller property. . . ."

That a road currently exists on the appellants' property does not conclusively establish that particular road as the right-of-way. It is only where the parties agree, either

expressly or by implication, that that road is to be the right-of-way will the route be so enforced. *See, Sibbel v. Fitch,* 182 Md. 323, 34 A.2d 773 (1943). While William Miller, appellee, testified as to the landlocked status of his property, he at no time testified that he ever made use of appellants' road as the means of ingress or egress to and from his property.[1] Thus, there was no implied agreement. As to the absence of an express agreement, Charles Stair testified that he had cleared the road solely for his own convenience and use in farming his property. Stair further stated that, from the inception of his grading of the road he had placed a large "No Trespassing" sign which, to his knowledge, had not been violated. Thus, we see no express agreement. It appears that the trial judge designated appellants' roadway for no reason other than its present existence. The appellants should not be so burdened merely because they have chosen to build a road for their own convenience. This seven-foot-wide road runs through the center of their fields and while being of potentially great convenience as a right-of-way to the appellee, presents a burden of some significance to the appellants if used in that manner. It is well established that a way of necessity should be located so as to be the least onerous to the owner of the servient estate while, at the same time, being of reasonable convenience to the owner of the dominant estate. *See, Michael v. Needham, supra; Johnson v. Robinson, supra.* Further, while the trial judge concluded in his memo that "by directing the easement over the Stair property, we will create the least amount of damage to the adjoining property owners," he at no time evaluated the issue of the least burdensome route within the Stair property. Thus, we will remand this case to the Circuit Court to determine whether or not there is evidence to support an implied agreement as to the location of the road and, if not, to locate a right-of-way which will inconvenience the appellants only so much as necessary while providing appellee reasonable ingress and egress to his land.

---

1. If the physical facts, as observed by the trial judge, indicated a use by Miller, he made no such recital in his findings of fact.

"III. In Granting An Easement By Necessity, A Court Should Be Limited to Granting Only Such Relief as Requested by the Party Seeking An Easement."

As to this issue, the trial judge said:

"We further direct that the width of the easement shall be twenty (20) feet. In addition to need of vehicles to pass to and fro, there will also be required adequate space for the installation of the necessary utilities to serve the Miller tract, a requirement that was certainly not envisioned back in 1831."

We think the trial court properly included the right to accommodate all "necessary utilities" in the easement over appellants' property. That the scope and extent of the easement will vary to accommodate the reasonable needs of the dominant estate was established in the case of *Tong v. Feldman,* 152 Md. 398, 405, 136 A. 822 (1927), where the Court stated:

Whenever it has arisen from necessity, it would seem to be co-extensive with the reasonable needs present and future of the dominant estate for such a right or easement, and to vary with the necessity, in so far as may be consistent with the full reasonable enjoyment of the servient tenement."

Thus, we see no error.

> *Decree reversed in part and affirmed in part; case remanded to the Circuit Court for Carroll County for further proceedings pursuant to this opinion.*
> *Appellants to pay 2/3rds of costs.*
> *Appellee Miller to pay 1/3rd of costs.*