HANLEY *v.* STULMAN ET AL.

[No. 89, October Term, 1956.]

274

*Decided February 13, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Claude A. Hanley* and *Charles J. Hessian* for the appellant.

*James C. L. Anderson,* with whom were *Nathan Hamburger* and *James F. Offutt, Jr.,* on the brief, for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

Mark P. Hanley, an owner as tenant in common with others, of a certain fee simple property located on the north side of Lincoln Avenue in the Village of Lutherville, Baltimore County, Maryland, brings this appeal. For a period of well over twenty years, the appellant, his co-tenants, residents of the vicinity, and the public generally had enjoyed the free and uninterrupted use of a road or way extending in

a general northerly direction from the easternmost end of a thoroughfare called Lincoln Avenue through the property now owned by the appellee, Edmondale Building Company, (Edmondale) to another thoroughfare named Seminary Avenue. The appellee, Edmondale, during the early months of 1955, began grading operations on the portion of its said property on which said road, or way, was located. On May 9, 1955, before grading operations had reached said road, Claude S. Hanley, one of the appellant's co-tenants, notified the appellee, Leonard Stulman, President of the other appellee, by letter that any attempt to close said road would be vigorously opposed by him and other interested parties, and on the same date had a professional photographer take a series of pictures of said road, showing its condition as of that date. Despite the aforesaid notice to the appellee, Leonard Stulman, the appellees continued grading operations and completely blocked and destroyed a portion of the aforesaid road and rendered it impassable.

On May 23, 1955, the appellant filed a petition for an injunction to restrain the appellees from obstructing, blocking or destroying said road, and on the same date obtained an order requiring the appellees to show cause why an injunction to restrain them from interfering with said road should not issue. On May 26, 1955, a registered land surveyor employed by the appellant went upon the property for the purpose of obtaining a description by metes and bounds, courses and distances, of said road; but, due to the grading operation of the appellees, he was unable to locate the entire road but was able to locate said road for a distance of approximately 350 feet in a northerly direction through the southernmost portion of the appellee's property, and for a distance of approximately 45 feet in a southerly direction from said Seminary Avenue through the northernmost portion of said property (appellant's Exhibit No. 1). On the same day, an answer was filed by the appellees which, in substance, denied the existence of any road on the said property of the appellee, Edmondale.

At the trial, the appellant produced numerous witnesses who testified as to the existence and to the approximate

course of said road, and its use by the public generally for periods ranging from 23 to at least 45 years. He also offered the testimony of a professional photographer as to the existence and character of said road, together with the introduction of photographs taken by said photographer showing the existence and character of said road immediately before a portion thereof had been obstructed and destroyed by the appellees. . He further produced a registered land surveyor who had prepared a plat from an actual survey of said road made by him, showing the location of said road for a distance of 350 feet through the southernmost portion of the said property and for a distance of 45 feet in a southerly direction through the northernmost portion of said property, but was unable to locate, describe or plat the portion of said road lying between those points (45 feet south of Seminary Avenue and 350 feet north of the appellee's southernmost property line) due to the fact that the grading operations of the appellees had completely obliterated all evidence of said road between those points.

No question of jurisdiction was raised in this Court, or in the Court below. Compare *Punte v. Taylor,* 189 Md. 102, 53 A. 2d 773.

In his opinion, the Chancellor stated he was convinced beyond a reasonable doubt, and he found as a matter of fact, that for considerably more than twenty years there was a road approximately ten feet in width leading from Lincoln Avenue and the Hanley property through the property now owned by Edmondale to Seminary Avenue, and that this road had been used adversely (including all the necessary factors to create a right-of-way by prescription) by the public, including the appellant. We think the evidence amply supports this finding.

However, after making this finding, the Chancellor determined that he could grant no relief due to the fact that he could not, from the evidence, place "the complete and exact location" of the road, where it is not connected on appellant's Exhibit No. 1, set forth below. He held that even though the appellee had wrongfully destroyed the road, and the appellant and the public improperly had been deprived of its use, the

appellant had not met the burden of "establishing by his evidence the exact location, description, width and course of the entire road". The Chancellor, therefore, signed an order in which he dismissed the bill of complaint, and it is from this order that the appeal has been taken.

With this order, we are unable to agree. The arm of an Equity Court is not so short, nor its authority so impotent, that it must permit a defendant to evade, with impunity, the broad and salutary principle of law that one cannot profit by his own wrongdoing. There is an ancient maxim in Equity that says: "Equity will not suffer a wrong without a remedy". This principle, which is the somewhat restricted application to the equity jurisprudence of the more comprehensive legal maxim, *Ubi jus, ibi remedium,* is the source of the entire equitable jurisdiction. It is subject to certain limitations, none of which are applicable here. *Pomeroy's Equity Jurisprudence,* pars. 423, 424.

"Courts of equity are not, in the dispensation of justice, subject to those strict technical rules, which in other Courts are sometimes found in the way, and so difficult to surmount. The remedies here are moulded, so as to reach, if practicable, the real merits of the controversy, and justice will not be suffered to be entangled in a web of technicalities. If such a decree can be put upon the record as will meet the substantial justice of the case, it will be done." *Crain v. Barnes,* 1 Md. Ch. 151, 155. We think the evidence, as indicated by the Chancellor, clearly demonstrates the appellant and the public had been wronged, and we hold the Equity Court had authority to grant them an appropriate remedy.

PLAT SHOWING
ROADS USED BY HANLEY PROPERTY
LOCATED AT
"LUTHERVILLE"
9TH DISTRICT - BALTIMORE CO.- MD.

SCALE: 1"=50'    MAY 26 ,1955
DOLLENBERG BROS
SURVEYORS & CIVIL ENGRS.
709 WASHINGTON AVE. TOWSON, MD.

For the purposes of this opinion, we shall designate the point approximately forty-five feet south of Seminary Avenue where the ten foot roadway ends on the above exhibit as "a", and the point north of Lincoln Avenue where the said roadway terminates on said exhibit as "b".

It is true that this Court, in many cases, has established the general rule that in cases of this nature the burden of proof is upon a plaintiff to establish all of the elements relied upon by said plaintiff to make out a proper cause for relief. See among them, *Oliver v. Hook,* 47 Md. 301, 311; *Easter v. Overlea Land Co.,* 129 Md. 627, 630, 99 A. 893; *Punte v. Taylor, supra.* We reaffirm this general rule. In none of the cases we have examined, here or elsewhere, has the plaintiff been prevented from meeting this burden by the deliberate and reckless actions of the defendant. In the instant case, the appellant has successfully established all of the required elements, except the "exact" location of the road or way between points "a" and "b" on the above exhibit. The former existence of the same between these two points was clearly proven. The appellant was prevented from showing this "exact" location, because the appellee completely obliterated its former location by bulldozing and grading operations. Under these unusual circumstances, we think the Chancellor by his decree should have located the roadway between "a" and "b" on appellant's Exhibit No. 1, by connecting these two points by a straight line (the width to be ten feet) or in such a manner as to provide the appellant and the public a substantially equivalent road or way, between these two points, as described in the evidence. In this manner, the parties may be able to arrive at a satisfactory adjustment of the matter, and, if they cannot, the Chancellor may do so for them, without undue injury to anyone.

We think this is an application of the same principle, recognized by this Court for many years, that a right-of-way of necessity may be located by a court of equity where the right to such way is clear and undisputed. *Zimmerman v. Cockey,* 118 Md. 491, 497, 84 A. 743; *Fox v. Paul,* 158 Md. 379, 391, 148 A. 809, 68 A. L. R. 520. And this seems to be the law

in regard to easements generally. 110 A. L. R. 180; 139 A. L. R. 197.

The decree of the Chancellor, must, therefore, be reversed, and the cause remanded.

> *Decree reversed, and the cause remanded for the entry of a decree in accordance with this opinion. Costs to be paid by the appellees.*