55 A.3d 510

## USA CARTAGE LEASING, LLC

v.

### Todd A. BAER, et al.

### No. 129, Sept. Term, 2011.

Court of Appeals of Maryland.

Oct. 24, 2012.

G. Randall Whittenberger (Miles & Stockbridge P.C., Frederick, MD), on brief for Petitioner.

James W. Stone (Poole & Kane, P.A., Hagerstown, MD), on brief for Respondents.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA, McDONALD, JJ.

McDONALD, J.

Maryland law has traditionally categorized grants of easements as either general or specific. The difference between the two is that the granting deed of a general easement does not describe the precise location of the easement whereas the granting deed of a specific easement does. In this case, we are asked to decide on the existence and possible means of locating a general easement that provides a right-of-way from a major road. The easement in question crosses the property of USA Cartage Leasing, LLC, ("Cartage") as an access route for neighboring property owned by Todd A. Baer ("Baer").

Maryland's recording statute for deeds requires that a deed contain "a description of the property sufficient to identify it with reasonable certainty." [1] This case presents the novel question of whether this requirement, in the context of a grant of land that includes an easement, applies to the description of the easement itself or merely to that of the servient property. The Court of Special Appeals determined that the correct answer was the latter. That court further instructed the circuit court to locate the easement according to the principles set forth of § 4.8 in the Restatement 3d of Property: Servitudes (the "Restatement"). For the reasons that follow, we affirm the well-reasoned opinion of the Court of Special Appeals.

## Background [2]

*Creation of the Easement*

In 1984, Edwin and Rebecca Glesner (the "Glesners") acquired a 5.26–acre lot in Washington County, Maryland.[3] In

---

1. Maryland Code, Real Property Article, § 4–101(a)(1).

2. For purposes of clarity, we recite here only those facts relevant to the particular questions before this Court. A more complete history can be found in the opinion of the Court of Special Appeals, which decided several other issues not before this Court. *USA Cartage Leasing, LLC v. Baer*, 202 Md.App. 138, 32 A.3d 88 (2011).

3. The property was located at the southeastern intersection of Maryland Route 68 and Governor Lane Boulevard. The northern boundary of the

1985, the Glesners subdivided the lot into two roughly rectangular parcels. At that time, they conveyed one parcel—the parcel that now belongs to Baer (the "Baer parcel"). They retained the other parcel for a time—the parcel that now belongs to Cartage (the "Cartage parcel"). The original deed by the Glesners conveying the Baer parcel granted to its new owner an easement over the Cartage parcel. That deed defined the easement as "a non-exclusive right-of-way 25 feet in width, leading from the existing entrance from Governor Lane Boulevard, shown on the Plat of the above-referenced property, . . . to the property hereby conveyed" without further elaboration. A plat prepared for the Glesners in November 1984 showed an entrance to the Cartage parcel from Governor Lane Boulevard labeled "Existing Entrance" near the line dividing the two parcels. The plat did not depict the easement.[4]

In 1995, the Glesners conveyed the Cartage parcel to Cartage, which continues to own it. The deed to Cartage did not mention the easement previously granted to the adjacent tract. The Baer parcel came into the possession of its current owner, Todd Baer, in 2008. Intervening deeds had not mentioned the right-of-way over the Cartage parcel.

The Cartage parcel has been developed for commercial use, includes at least one building, and has a gravel parking lot for trucks and other vehicles immediately adjacent to the Baer parcel. The Baer parcel remains undeveloped.

*Circuit Court Judgment Fixing Location of Easement*

On August 4, 2008, Baer filed a Complaint for Declaratory Judgment and Other Relief against Cartage in the Circuit Court for Washington County. The complaint contained two counts. First, Baer sought a declaratory judgment that he "holds a legally valid and effective right-of-way over [Cart-

---

parcel abutted Governor Lane Boulevard, and the southern boundary backed up to railroad tracks. The property was bounded on the west by Maryland Route 68 and on the east by another property.

4. A copy of the plat may be viewed at 202 Md.App. at 154, 32 A.3d 88.

age's] Property." In his complaint, Baer acknowledged that the location of the right-of-way "is not specified in the language of the deeds in the chain of title from the Glesners" to himself and that it had never been determined by custom or usage by himself or his predecessors in title. As an exhibit to his complaint, Baer attached a plat showing a proposed location for the easement that he described as the "least burdensome location for a 25–foot right-of-way capable of providing reasonable commercial ingress and egress from the 'existing entrance' shown on the [1984] Plat." He asked for a declaratory judgment declaring that proposal, or a reasonable alternative, as the right-of-way. Second, Baer alleged that Cartage, "without just cause or excuse, has interfered with and continues to interfere with [Baer's] lawful use of enjoyment of [the] Right–of–Way." He requested an injunction prohibiting Cartage from such interference, and damages in the amount of $250,000. Cartage denied liability and filed a counterclaim seeking to quiet title to the Cartage parcel free of the claimed right-of-way.

On July 13, 2009, Baer filed a motion for summary judgment. In response, Cartage argued that the easement described in the original 1985 deed was ineffective as a matter of law because the easement could not be precisely located by either its original terms or by subsequent conduct and circumstances. A hearing on the motion was held on August 11, 2009, at which time the Circuit Court granted Baer's motion.

In its oral ruling on summary judgment, the Circuit Court found that the language in the 1985 deed "does not create a specific easement of right-of-way but a general easement of right-of-way[.] ... The general right-of-way isn't extinguished ... simply because it isn't specifically described where it exists or there's not other evidence like an existing trail[.]" The court decided that the easement should be located such that it would cause "very minimal intrusion to the USA Cartage Parcel[.] It should go somehow in a direct and convenient way from the existing entrance to ... the Baer property."

In the order granting summary judgment, the court did not decide where the right-of-way should be located. Instead, the court invited both sides to offer evidence and argument—an invitation that both parties accepted. After the parties had submitted their respective proposals, the court entered two orders on September 10, 2009. The first order rejected Cartage's proposed location for the right-of-way. The second order adopted Baer's proposed location for the right-of-way and enjoined Cartage from interfering with Baer's use of the right-of-way.

On September 21, 2009, Cartage filed a motion to make final the court's orders for purposes of appeal pursuant to Maryland Rule 2–602(b),[5] there being other related proceedings still in progress. That order was granted, and an appeal was timely noted to the Court of Special Appeals.

*Court of Special Appeals: Standard for Locating an Express Easement*

The Court of Special Appeals affirmed the Circuit Court's ruling that the easement was not void as a matter of law. It vacated the judgment and remanded the case on other grounds unrelated to the present appeal, however.[6] On the question of the validity of the easement, it held that:

> [W]here ... an express easement has been established without fixing its location, and the location of the easement cannot be established either (a) by reference to a road or way in existence at the time of the deed; (b) by a subse-

---

**5.** Maryland Rule 2–602(b) authorizes a court to enter a final judgment "as to one or more but fewer than all of the claims or parties" if it determines in a written order that "there is no just reason for delay," thereby allowing an immediate appeal of what would otherwise be an interlocutory order. Baer does not contest the appealability of the order and, for the reasons explained in the opinion of the Court of Special Appeals, there is appellate jurisdiction of this matter under both that rule and Maryland Code, Courts & Judicial Proceedings Article, § 12–303(3)(i). *See* 202 Md.App. at 168–73, 32 A.3d 88.

**6.** The Court of Special Appeals remanded the case for further consideration of Cartage's contention that it had extinguished the easement through adverse possession—an affirmative defense to the easement claim. 202 Md.App. at 195–204, 32 A.3d 88.

quent, unopposed long-term use by the dominant tenant; or (c) by a subsequent agreement of the parties, the court may establish the easement's location so as to be the least onerous to the owner of the servient estate while, at the same time, being of reasonable convenience to the owner of the dominant estate ... in light of the purposes of the easement.

202 Md.App. at 195, 32 A.3d 88 (internal citations and quotations omitted). The court derived this formulation from principles governing implied easements of necessity and from § 4.8 of the Restatement 3d of Property: Servitudes. The court directed:

On remand, if the circuit court determines that Cartage's defenses to the easement do not succeed, the circuit court should conform to the procedure specified in the Third Restatement to locate the easement.

*Id.* at 205, 32 A.3d 88.

Cartage sought further review in this Court arguing, among other things, that the decision of the intermediate appellate court was contrary to the Maryland Code, Real Property Article ("RP"), § 4–101, the statute governing the recording of deeds. We granted certiorari to consider the proper application of the recording statute and, if necessary, the appropriate standard of locating such an easement.

### Discussion

This case requires that we harmonize two independent—and not always congruent—lines of authority that govern easements. One concerns the requisites for an express grant of an interest in real property, including easements. The other concerns the validity and means of locating a particular type of express easement known as a general easement.

*Easements*

At the basic level, an easement is a "nonpossessory interest in the real property of another." *Rogers v. P–M Hunter's Ridge, LLC,* 407 Md. 712, 729, 967 A.2d 807 (2009). It is a species of "servitude." *See Ross v. McGee,* 98 Md. 389,

394, 56 A. 1128 (1904); *see also Black's Law Dictionary* (9th ed.2009) at p. 1492; Restatement 3d of Property: Servitudes, § 1.1. When the easement is for the benefit of another property—for example, an easement to provide access to an adjacent property—the neighboring property is known as the dominant estate, while the property subject to the easement is known as the servient estate. *Rogers,* 407 Md. at 730–31, 967 A.2d 807.

██ An easement may be created by express grant, by reservation in a conveyance of land, or by implication. *Kobrine v. Metzger,* 380 Md. 620, 635, 846 A.2d 403 (2004). An easement by implication can be created in several ways, including by necessity. *Rogers,* 407 Md. at 730, 967 A.2d 807. The easement in controversy is an express easement because it was expressly granted by deed, although the effectiveness of that grant is in dispute.

██ An express easement may be categorized as either general or specific. *Rogers,* 407 Md. at 731, 967 A.2d 807. "An easement is reserved in specific terms when its location is easily discernible, such as from a metes and bounds description, a plat map, or a call. An easement is reserved in general terms when it is clear from the intentions of the parties that an easement has been created, but without a precise location." *Id.* (citation omitted). As is evident, the easement in controversy is a general easement.

██ As indicated above, one type of implied easement is an easement of necessity. An easement of necessity typically arises when a grantor conveys a tract of land that lacks an outlet to a public highway, except over land retained by the grantor or over a third party's land. *Stansbury v. MDR Development, LLC,* 390 Md. 476, 487, 889 A.2d 403 (2006). Because an easement of necessity theoretically exists by operation of law as a result of circumstances, it is not "created" by a court; rather, the court is said to "locate" the easement. *Id.* at 485 & n. 5, 889 A.2d 403. While this case does not involve an

easement of necessity,[7] some of the principles governing such easements are pertinent, as we shall see below.

*The Recording Statute and Cases Requiring Specificity in Grants of Land*

■ An express easement granted or reserved by deed may be created only in the mode and manner prescribed by the applicable recording statute. *Kobrine,* 380 Md. at 635–36, 846 A.2d 403. The Maryland recording statute applicable to deeds provides:

> Any deed containing the names of the grantor and grantee, a description of the property sufficient to identify it with reasonable certainty, and the interest or estate intended to be granted, is sufficient, if executed, acknowledged, and, where required, recorded.

RP § 4–101(a)(1). Apart from recodifications and some modernization of the language, this statute has been in continuous effect since at least the mid–19th century. *See* Chapter 154, § 24, Laws of Maryland 1856 at 255.[8]

As is evident, this statute incorporates four requirements:

(1) The deed must *name the grantor and grantee;*

(2) The deed must *describe the property sufficiently to identify it with reasonable certainty;*

(3) the deed must state the *interest or estate to be granted;* and

(4) the deed must be *executed, acknowledged,* and, where required, *recorded.*

The second element of the recording statute is also reflected in a number of older cases involving grants of land, although those cases did not purport to be construing the statute. For example, in an 1874 decision, this Court observed: "There is

---

**7.** At oral argument, counsel for Baer conceded that the record in this case would not support an implied easement of necessity.

**8.** Given its ancient lineage, there is no contemporary legislative history that aids in the interpretation of this statute.

no doubt of the rule that every conveyance must either on its face or by words of reference give to the subject intended to be conveyed, such a description as to identify it, and if it be land, it must be such as to afford the means of locating it." *Carmody v. Brooks*, 40 Md. 240, 246 (1874); *see also Berry v. Derwart*, 55 Md. 66 (1880) ("It is perfectly well settled, both upon reason and authority, that every deed of conveyance, in order to transfer title, must either in terms, or by reference, or other designation, give such description of the subject-matter intended to be conveyed, as will be sufficient to identify the same with reasonable certainty."); *Neel v. Hughes*, 10 G. & J. 7, 10 (Md.1838) ("Every conveyance must either on its face, or by words of reference, give to the subject intended to be conveyed, such a description as to identify it. If it be land it must be such as to afford the means of locating it."). None of those cases involved easements.

This Court reiterated that requirement more recently in *McDonough v. Roland Park Co.*, 189 Md. 659, 57 A.2d 279 (1948). In that case, the primary dispute concerned a reservation of a parcel of land from a larger grant of land, with the intention that the reserved parcel would be used for a graveyard for the grantor and his family. The Court ultimately determined that the reservation was ineffective because the reserved parcel of land could not be located. *Id.* at 666, 57 A.2d 279. In reaching this conclusion, the Court relied in its analysis on *Berry* and *Neel.*

There was an associated easement at issue in *McDonough*—an easement for the purpose of accessing the reserved parcel in question. 189 Md. at 660, 57 A.2d 279. However, the opinion in *McDonough* made no mention of the easement in its analysis or holding. Indeed, the Court did not have to reach the question of whether or how the easement could be located as the Court invalidated the reservation of land for which the easement was intended to provide access. Obviously, an easement for a right-of-way to access a particular property would be impossible to locate if the particular property to be accessed cannot be located.

*Cases Concerning Grants of General Easements*

■ In contrast to cases concerning the requisites for deeds that grant interests in land are cases concerning the validity and location of general easements. This Court has noted that "[i]f ... the easement is reserved in general terms only, an ambiguity regarding the location of the easement exists, and we look to the surrounding circumstances, including subsequent agreements and conduct of parties[.]" *Rogers,* 407 Md. at 731–32, 967 A.2d 807. Once a general easement has been located and fixed by use over a long period of time, it becomes "as definitely established as if the grant or reservation had so located it by metes and bounds and the location of the right of way as thus defined can only be changed by agreement[.]" *Sibbel v. Fitch,* 182 Md. 323, 327, 34 A.2d 773 (1943). This line of cases thus allows for the location of a general easement without the specificity of description seemingly demanded by the recording statute and cases outlined in the previous section.

*Whether the General Easement over the Cartage Parcel is Valid*

■ Cartage argues that the second element set forth in the recording statute and the cases concerning grants of land—that a deed describe the property sufficiently to identify it with reasonable certainty—mandates that a deed spell out the exact location of the ground to which an easement applies in a manner sufficient to identify the location of the easement with reasonable certainty.[9]

If one interprets the recording statute and the holdings in *Carmody* and *McDonough* as requiring that the information necessary to locate an easement be contained within the four corners of the deed, as suggested by Cartage, it would follow as a matter of simple logic that a general easement granted by deed would be void from the outset. Yet the line of cases

---

**9.** At least one state has adopted that view. *See Germany v. Murdock,* 99 N.M. 679, 662 P.2d 1346, 1348 (1983) ("An easement requires the same accuracy of description as other conveyances.").

concerning general easements has co-existed for many years with the recording statute and the line of cases that requires specificity in conveyances of property.

The two lines of authority can be reconciled if the specificity requirement incorporated in the recording statute applies to the description of the servient estate. Under that interpretation, RP § 4–101(a)(1) permits the creation of a general easement by express grant in a deed so long as the servient estate is described with reasonable certainty in the deed.[10]

In this case, there appears to be no question that the servient estate—the Cartage parcel—was adequately described in the deed that established the easement in favor of the Baer parcel. Moreover, the easement was clearly described as a right of way 25 feet in width connecting the Baer parcel to the existing entrance to the Cartage's parcel—presumably the roadway entrance onto Governor Lane Boulevard as this is the only marked entrance on the 1984 plat and as both the plat and the deed refer to an "existing entrance." Of course, this does not precisely describe the right-of-way from the Baer parcel to the "existing entrance." Though adequately described for purposes of the recording statute and validly granted, the easement must still be located.

*How to Locate the Easement*

Having determined that the easement was validly granted, we turn to the question of how to locate it. As noted above, the Court of Special Appeals, in its analysis, looked to the Restatement 3d of Property: Servitudes, § 4.8 and our case law on locating implied easements of necessity, which

10. The Restatement commentary supports this rationale:

Although the burdened estate must be described, it is not necessary to describe the location of the servitude within the burdened estate. If the location is not described, the servitude is located under the rules stated in [Restatement 3d of Property: Servitudes, § 4.8].

Restatement 3d of Property: Servitudes, § 2.7, comment f.

express similar principles. The Restatement provides, in pertinent part [11]:

§ 4.8 Location, Relocation, and Dimensions of a Servitude

Except where the location and dimensions are determined by the instrument or circumstances surrounding creation of a servitude, they are determined as follows:

(1) The owner of the servient estate has the right within a reasonable time to specify a location that is reasonably suited to carry out the purpose of the servitude.

(2) The dimensions are those reasonably necessary for enjoyment of the servitude.

The commentary to § 4.8 indicates that, procedurally, the owner of the servient estate should be given the initial opportunity to locate the easement while the owner of the easement is protected by the requirement that the location "be reasonably suited for the purpose [of the easement]." *Id.*, comment b. If the parties fail to agree and a court is ultimately called upon to locate the easement, it should select a location that "minimiz[es] the damage to the servient estate and maximiz[es] the utility to the owner of the servitude." *Id.*

A survey of the case law in other states finds that, although a few courts may have located such easements in other ways,[12] courts in at least fourteen states have adopted a similar

---

**11.** The third paragraph of § 4.8 of the Restatement concerns potential changes to an existing easement made by the owner of a servient estate—an issue not currently before us. We express no opinion as to that issue under Maryland law.

**12.** *See Smith v. Tolar*, 281 Ga.App. 406, 636 S.E.2d 112, 114 (2006) (requiring that an express general easement be described in deed with sufficient certainty that identification and location of the easement is "practicable" based on that description, together with extrinsic evidence); *Brumbaugh v. Mikelson Land Co.*, 185 P.3d 695, 702–03 (Wyo. 2008) (in locating an express "floating" easement, court is to consider oral or collateral written agreements of parties and other factors, including the purpose of the easement, the geographic relationship of the dominant and servient estates, use of each estate, a comparison of the benefits and burdens of the easement, and actual use, if any, by the owner of the dominant estate); *Allen v. Duvall*, 311 N.C. 245, 316 S.E.2d 267 (1984) (ambiguity in the description of the location of the easement is resolved by reference to extrinsic evidence).

approach.[13] *See also* Am.Jur.2d *Easements and Licenses in Real Property* §§ 66, 68 (describing the location of general easements in terms similar to § 4.8).

This Court's case law concerning the location of easements that are not defined by specific grant or by traditional definitions of surrounding circumstances—neither of which serves as a guide here—is limited to cases involving easements of necessity. As noted above, easements of necessity are conceptually distinct from easements by express grant. Nevertheless, on several occasions this Court has indicated in dicta that the principles involved in locating an easement of necessity may be applied to general easements. *See Dixon v. Frantz,* 249 Md. 138, 142, 239 A.2d 80 (1968); *Hanley v. Stulman,* 212 Md. 273, 279–80, 129 A.2d 132 (1957); *Sibbel v. Fitch,* 182 Md. 323, 328, 34 A.2d 773 (1943).

When locating a right-of-way of necessity, a court balances the interests of the owner of the servient estate with those of the owner of the dominant estate. *Hancock v. Henderson,* 236 Md. 98, 105–06, 202 A.2d 599 (1964). The court looks first at the set of all possible locations that fit the terms of the easement and are reasonably convenient to the owner of the dominant estate. It then selects from that set the location that is least onerous to the owner of the servient

---

13. *Arkansas Valley Electric Co-op. Corp. v. Brinks,* 240 Ark. 381, 400 S.W.2d 278, 279 (1966); *Ballard v. Titus,* 157 Cal. 673, 110 P. 118, 122 (1910); *Bethel v. Van Stone,* 120 Idaho 522, 817 P.2d 188, 193–94 (App.1991); *Daniel v. Clarkson,* 338 S.W.2d 691, 692–93 (Ky.1960); *Larson v. Amundson,* 414 N.W.2d 413, 417 (Minn.Ct.App.1987); *Graves v. Gerber,* 208 Neb. 209, 302 N.W.2d 717, 720 (1981); *Sussex Rural Elec. Coop. v. Wantage,* 217 N.J.Super. 481, 526 A.2d 259, 263–64 (App.Div.1987); *Mosher v. Hart,* 157 A.D.2d 931, 550 N.Y.S.2d 187 (N.Y.App.Div.1990); *McConnell v. Golden,* 104 R.I. 657, 247 A.2d 909, 911 (1968); *Smith v. Comm'rs of Pub. Works,* 312 S.C. 460, 441 S.E.2d 331, 337 (App.1994); *Vinson v. Brown,* 80 S.W.3d 221, 228 (Tex.Ct.App. 2002); *Evans v. Bd. of Co. Comm'rs,* 123 P.3d 432, 436 (Utah 2005); *La Fleur v. Zelenko,* 101 Vt. 64, 141 A. 603, 605 (1928); *Werkowski v. Waterford Homes, Inc.,* 30 Wis.2d 410, 141 N.W.2d 306, 310 (1966).

estate. *See, e.g., Stair v. Miller,* 52 Md.App. 108, 111, 447 A.2d 109 (1982).

We agree with the intermediate appellate court that the balancing approach of § 4.8(1), (2) of the Restatement and our case law concerning the location of implied easements of necessity provides a fair procedure for locating a general easement that can be harmonized with Maryland law concerning the specificity required in deeds.

## Conclusion

We are cognizant of the impact that a poorly located easement can have on the owner of a servient estate. It is the longstanding rule in Maryland that a purchaser of real property is subject to every encumbrance of record that appears in the land records, whether or not the purchaser has actual knowledge of it.[14] The inevitable result of such a rule is that a property owner is sometimes unaware of valid easements granted over the property by a prior owner. Development or use of the servient parcel already undertaken might be affected by the later placement of an easement. The principles set forth in § 4.8(1), (2) of the Restatement, which are similar to the principles Maryland courts apply in the case of easements of necessity, provide protection to the owner of a servient estate while still recognizing the intent of the grantor to create an easement. We accordingly adopt that approach for locating a valid general easement that is not precisely defined in the deed or by custom or usage.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.

---

14. *Steuart Transportation Co. v. Ashe,* 269 Md. 74, 94–96, 304 A.2d 788 (1973).