REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 01239

September Term, 2013

BERNANDO RENE FLORES

v.

MARYLAND-NATIONAL CAPITAL PARK
AND PLANNING COMMISSION et al.

Krauser, C. J.,
Wright,
Raker, Irma S.
    (Retired, specially assigned),

JJ.

Opinion by Raker, J.

Filed: December 2, 2014

In this declaratory judgment action in the Circuit Court for Prince George's County, Bernando Rene Flores appeals from the grant of summary judgment in favor of Maryland-National Capital Park and Planning Commission and Prince George's County. For clarity, we have rephrased appellant's questions for review as follows:

> 1. Does the "Owner's Dedication" in plat NLP 114-32 of the land records of Prince George's County constitute an easement?
>
> 2. Did the Dedication survive the tax sales to appellant's predecessors in title under § 14-844(b) of the Tax-Property Article of the Maryland Code?

We shall answer both questions in the affirmative and affirm. We shall hold that the "Owner's Dedication" contained in plat NLP 114-32 survives all past and future tax sales, remains binding on appellant Bernando Flores and his heirs, successors and assigns and requires Parcel A to be maintained as a permanent green space buffer.

I.

In this declaratory judgment action, the Circuit Court for Prince George's County considered whether appellant's property was subject to restrictive language that was contained in the recorded plat and Owner's Dedication. The circuit court declared as follows:

> "[T]he Owner's Dedication appearing on Plat NLP 114-32 titled 'Open Space Plat Parcel "A" Queen's Wood Melwood District No. 15 Prince George's County, Maryland,' which is attached to Plaintiff's Petition as Exhibit C, is not extinguished by any tax sale and remains binding on Petitioner Bernardo Flores and any successors in title to him, and further declar[ed] that said

property is to remain a permanent green space buffer in line with the terms of the Owner's Dedication . . . ."

Appellant, a resident of Prince George's County, is the record owner of property consisting of 4.9991 acres, known as Parcel A, and located at 6400 Fallard Drive, Upper Marlboro, Maryland. It is recorded by deed in Libor 6566, folio 658 among the land records of Prince George's County, Tax Identification No. 15-176149-3. Appellant purchased the property from Vijay Tonse in October 2010 for $80,000.

In March, 1981, Rodney Faller, the original owner of Parcel A, conveyed the property to Maryland-National Capital Park and Planning Commission ("M-NCPPC"). In June, 1981, M-NCPPC conveyed the parcel to the Melwood Citizens Association of Prince George's County in exchange for $10.00.[1] The Association recorded the plat on July 8, 1982. The plat contained the following language:

> "Melwood Citizens Association of Prince George's County, Inc. by Gregory A. Hoge, President and Robert R. St. Pierre, Secretary owner of the land shown hereon and described in the Surveyor's Certificate, hereby adopts this plat of subdivision, establishes the minimum building restriction lines and hereby establishes Parcel 'A,' shown hereon, hereby covenanted by

_____

[1]The property was conveyed to Melwood on June 24, 1981. Plat 114-32 was filed August 27, 1982. The stamp reads as follows:

"Maryland National Capital Park and Planning Commission
Prince George's County Planning Board
APPROVED: July 8th, 1982."

It is signed by the Chairman and Assistant Secretary of the M-NCPPC.

2

> Melwood Citizens Association of Prince George's County, Inc., our heirs, successors and assigns to be and remain a permanent green space buffer into perpetuity, subject, however, only to the establishment on, over, across and through said area of sanitary sewer, storm drain, utility, slope, temporary construction and other easements and/or rights-of-way and further subject to the installation of park or recreational facilities and amenities . . . ."

Shortly after the property was conveyed to Melwood, M-NCPPC approved Preliminary Plan No. 4-80223, which governed the sub-division of the neighborhood, including Parcel A and the surrounding land, imposing conditions upon the plan approval. One condition, the subject of this appeal, required approximately 5 acres of land to provide a buffer space between the industrially zoned land and single family residential homes in the sub-division. Melwood filed an open space plat, thereby creating Parcel A.

Melwood did not pay the real estate tax on Parcel A and in February, 1987, Jonathan Wilson purchased Parcel A at a tax sale in Prince George's County. Wilson's deed stated that Parcel A was sold as follows:

> "[F]ree and clear of all alienations and descents of said property . . . as well as encumbrances thereon, except easements to which said property is subject and of which said Party of the Second Part has actual or constructive notice . . . ."

Wilson failed to pay his taxes, and in 2001 the property was sold at a tax sale, this time to Akila Nayak.

In early 2005, Nayak sold Parcel A to Vijay Tonse. Tonse's deed, like Nayak's, and in fact every deed since 1987, specifically referenced plat 114-32. In October 2010, Tonse sold the property to appellant. Appellant's deed, like those of his predecessors, specifically

3

referenced plat 114-32 in its description of the property. Appellant tried to develop the property but he needed first to obtain certain permits for development. The Department of Public Works and Transportation declined to issue a Rough Grading & Tree Clearing Permit because of the restrictive language in the Owner's Dedication, stating as follows:

> "HOLD - PER OWNERS DEDICATI ON NOTE, ON PLAT 114-32, PARCEL A SHALL REMAIN IN PETUITY [sic] IN POSSESSION OF THE MELWOOD HOMEOWNER ASSOCIATION."

M-NCPPC explained to appellant its position on the permit denial, stating as follows:

> "[The decision to deny a permit by DPW&T] does not relate to conformance to Subtitle 24 (Subdivision) or the conditions of approval which may be placed on a property by the Planning Board. The Planning Board is delegated by the state, the sole authority to approve the subdivision of land with reasonable conditions (Section 24-110 of the Prince George's County Code.)
>
> * * *
>
> These conditions of approval, proffered by the applicant at the Planning Board hearing, required two different buffer treatments along the property boundary with residential development . . . .
>
> * * *
>
> The abutting lands are zoned Rural Residential (R-R) and used as single-family residential. Until such time as the residential uses are no longer present, the use of this land (Parcel A, 4.99 acres zoned Light Industrial (I-l)) is limited to a permanent green space buffer as established by the Planning Board in the approval of the preliminary plan of subdivision for this property."

4

Appellant filed a Declaratory Judgment action in the Circuit Court for Prince George's County against the County and M-NCPPC seeking a declaration that the Dedication was not binding upon him. He argued that the Dedication had been extinguished when one of his predecessors in title purchased the property at a tax sale. The parties filed cross motions for summary judgment and the court entered judgment in favor of the County and M-NCPPC, reasoning as follows:

> "The Court agrees with Respondents that the Dedication created an easement for public use. The dedication of the property was considered complete and the interest of the public was vested when the plat for Parcel A was recorded thirty years ago granting the property to the citizens of the Melwood community—not just the adjacent land owners in the Queen's Wood subdivision. . . .
>
> Additionally, the public at large has an interest in the maintenance of the green space buffer 'to protect the health, safety, and general welfare of future lot owners in the subdivision and of the community at large.' Dedications like Parcel A are imperative to the health, safety and enjoyment of the community and the reason why the Planning Board is vested with the power to require the restrictive use of land.
>
> * * *
>
> It is clear from both the deed reference and the tax statute, that the tax sale does not extinguish the easement created by the dedication. The intent of this statute was the elimination of private encumbrances, such as mortgages, not public encumbrances of record, such as recorded green space buffers, as they are not affected by tax sales."

(internal citations omitted). This timely appeal followed.

II.

The resolution of this case revolves around the interpretation of § 14-844(b) of the

Tax-Property Article of the Annotated Code of Maryland.[2]  The relevant statutory provision

provides as follows:

> "(b) If the court finds for the plaintiff, the judgment vests in the
> plaintiff an absolute and indefeasible title in fee simple in the
> property, free and clear of all alienations and descents of the
> property occurring before the date of the judgment and
> encumbrances on the property, except taxes that accrue after the
> date of sale and easements of record and any other easement that
> may be observed by an inspection of the property to which the
> property is subject."

§ 14-844(b).

Before this Court, appellant contends that the restrictive language in the Owner's

Dedication did not survive the tax sale.  Appellant's argument is predicated upon the notion

that the restrictive language in the Dedication was a covenant that did not survive the tax

sale.  His argument has two bases: first, that as a covenant and one to run with the land and

binding subsequent owners of the land, there must be vertical privity between the covenentor

and the current owner.  He maintains that they must be successors in interest to each other.

Here, because appellant bought the land from the County, there is no privity with the former

owner who burdened the land.  Appellant concludes that inasmuch as he acquired the title

from a former tax sale purchaser (in whose shoes appellant stands), he has a new and

---

[2] Unless otherwise indicated, all subsequent references herein to the Maryland Code
(2001, 2012 Repl. Vol.) shall be to the Tax-Property Article.

complete title from the sovereign, Prince George's County. The second basis for his position is that the restrictive language is a covenant, not an easement, and as a covenant, § 14-844 does not apply. Appellant acknowledges that § 14-844 creates an exception that allows easements of record to survive tax sales, but as a covenant and not an easement, the Dedication would be extinguished when the property was purchased at the first tax sale.

Appellees argue that the circuit court was correct in declaring that the Owner's Dedication was an easement that was not extinguished by the tax sale and remains binding upon appellant. The County maintains that the Owner's Dedication promotes the sole purpose for the creation of Parcel A; that appellant's deed incorporates the Dedication; and that appellant's argument negates well-established land use controls by presenting an unfounded interpretation of § 14-844(b). The County explains that M-NCPPC is entrusted with broad land use powers necessary to implement important public policy and to promote the public welfare of the County. The Commission is tasked with imposing conditions for the Dedication and restrictive use of land. *See* Subdivision Regulations of Prince George's County, Maryland § 24-110. Pointing out that the Dedication is a fundamental land use control that M-NCPPC required as part of Parcel A's creation during the subdivision process, appellees argue that it constitutes an exercise of such power. It follows, appellees conclude, that to permit a tax sale purchase to extinguish an easement dedicated for the benefit of the public would be to undermine the purposes of zoning and land planning as well as the role of M-NCPPC.

7

III.

Maryland Rule 2-501(f) provides, in pertinent part, that a trial court "shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." An appellate court reviews the record in the light most favorable to the non-moving party and construes any reasonable inferences that may be drawn from the well-pled facts against the moving party. *D'Aoust v. Diamond*, 424 Md. 549, 574, 36 A.3d 941, 955 (2012). If there are no material facts in dispute, we determine whether the trial court granted summary judgment correctly as a matter of law. *Doe v. Md. State Bd. of Elections*, 428 Md. 596, 606, 53 A.3d 1111,1116 (2012). Whether the trial court granted summary judgment correctly is a question of law, reviewed *de novo* and subject to a non-deferential standard of review. *Id.* at 605, 53 A.3d at 1116.

M-NCPPC is a bi-county agency that administers parks and planning in Montgomery and Prince George's Counties. The agency is tasked with protecting the health, safety and general welfare of Maryland communities.[3] The Court of Appeals discussed the role and purpose of the agency as follows:

> "The Commission is a bi-county agency created by the General
> Assembly to develop both general and functional plans of

---

[3]M-NCPPC includes the Planning Departments and Boards of both Montgomery and Prince George's County. It is neither legally a part of, nor subservient to, either County government. *See Prince George's Cnty. v. Md.-Nat'l Capital Park & Planning Comm'n*, 269 Md. 202, 204-06, 224-25, 306 A.2d 223, 225-26, 235-36 (1973).

8

> proposed land development for the Washington Metropolitan
> District, which consists of most of Montgomery and Prince
> George's Counties. *See* Maryland Code, Art. 28, § 7-108. That
> is the main 'planning' function. In carrying out the general plan,
> the Commission is authorized to acquire property within the
> District for roads, parks, forests, and other recreation facilities,
> and to improve and control such property for those purposes.
> *See id.* § 5-101. That is the main 'park' function."

*Boyle v. Md.-Nat'l Capital Park & Planning Comm'n*, 385 Md. 142, 146, 827 A.2d 1050, 1053 (2005). M-NCPPC works in tandem with the counties to regulate subdivision planning. Under § 23-104 of the Land Use Article of the Maryland Code, M-NCPPC or the governing body of the County may adopt subdivision regulations. These regulations may provide, *inter alia*, for "the harmonious development of the regional district" and "adequate open spaces for transportation, recreation, light, and air . . . ." *Id.* For individual subdivision plans, the Prince George's County Planning Board of the M-NCPPC has the power to review and approve subdivision plats, including the ability to modify, approve with conditions or disapprove plats. Subdivision Regulations of Prince George's County, Maryland, § 24-105. Together, appellees play an important planning function for Maryland communities.[4]

M-NCPPC and the County use Dedications to execute their missions. The Maryland Code makes specific references to dedications as a method of subdivision planning. Section

---

[4] In order for appellees to be effective, they require the power to enforce their regulations and conditions of approval. *See Krieger v. Planning Comm'n of Howard Cnty.*, 224 Md. 320, 323, 167 A.2d 885, 886 (1961) (noting, "If the Planning Commission were powerless to require compliance, the whole purpose of planning and zoning, which looks to the future, would be frustrated.").

23-104(c) of the Land Use Article of the Maryland Code provides, in pertinent part, as follows:

> "[S]ubdivision regulations may include provisions for . . . (iii) 1. adequate open spaces for transportation, recreation, light, and air, by dedication or otherwise; 2. *the dedication to public use or conveyance of areas designated for dedication under the zoning and subdivision regulations*; and 3. In lieu of dedication, the payment of a monetary fee . . . ."  (emphasis added).

Similarly, the Subdivision Regulations of Prince George's County, Maryland § 24-110 require as follows:

> "The developer has the duty to comply with reasonable conditions imposed by the Planning Board for the design, *dedication*, improvement, and *restrictive use of the land*, so as to enhance the physical and economical development of the Regional District and to protect the health, safety, and general welfare of the future lot owners in the subdivision and of the community at large."  (emphasis added).

The dedication *sub judice*, in this context, has a well-defined technical meaning.  A "dedication" is defined as "the donation of land or creation of an easement for public use." Black's Law Dictionary 500 (10th Ed. 2014).  Under Maryland law, "[w]hen a parcel of land is dedicated as a street or for other public use, the owner of the land retains his fee simple interest, subject to an easement for the public."  *Md.-Nat'l Parks & Planning Comm'n v. McCaw*, 246 Md. 662, 675, 229 A.2d 584, 591 (1967).  *See also Windsor Resort Inc. v. Mayor and City Council of Ocean City*, 71 Md. App. 476, 483, 526 A.2d 102, 105 (1987).  Both in general legal parlance and under Maryland case law, a dedication creates an easement.

10

The Owner's Dedication in this case is an easement for the public. The Dedication is labeled as such and protects an interest associated classically with dedications. *See* § 23-104 of the Land Use Article of the Maryland Code (permitting County subdivision regulations that provide for "adequate open spaces . . . by dedication or otherwise"). It contains explicit language binding "heirs, successors and assigns." Significantly, the M-NCPPC created the Dedication as a condition of approval for the surrounding subdivision. Both the language of the Dedication and the context of its creation suggest that the parties intended to create a permanent easement. The statute is clear on its face—the judgment vests in the plaintiff an absolute and indefeasible title in fee simple in the property, free and clear of all alienations and descents of the property occurring before the date of the judgment and encumbrances on the property, except taxes that accrue after the date of sale and *easements of record*. § 14-844. A statutory interpretation permitting appellant to defeat the Dedication simply because one of his predecessors happened to purchase the property at a tax sale would undermine the M-NCPPC's ability to provide for the health, safety and welfare of Maryland's communities.

Appellant's covenant argument fails as well. To be sure, the Dedication states that the land is "*covenanted* by Melwood Citizens Association of Prince George's County, Inc., . . . to be and remain a permanent green space buffer into perpetuity . . ." (emphasis added). In context, however, "covenanted" is used as a verb. While as a noun a covenant may include certain interests in land, as a verb "to covenant" means "to promise or undertake in

11

a covenant; to agree formally." Black's Law Dictionary 445 (10th Ed. 2014). In this case, the Melwood Citizens Association agreed formally to the Dedication. The use of "covenant" as a verb is appropriate in this context and has no bearing on whether the interest created is a covenant.

Section 14-844(b) protects "easements of record and any other easement that may be observed by an inspection of the property to which the property is subject" from extinction by tax sales. As discussed *supra*, the Dedication contained in Plat 114-32 creates an easement. Furthermore, when a deed references a plat, the plat is incorporated as part of that deed. *Boucher v. Boyer*, 301 Md. 679, 689, 484 A.2d 630, 636 (1984). Since Plat 114-32 has been mentioned in every deed in appellant's chain of title, every deed, including appellant's deed, contains the easement. It is therefore an easement of record. As such, it falls properly within the scope of § 14-844.

Appellant has argued also that no covenant can be binding on him because he is not in vertical privity with Melwood Citizens Association. This argument is predicated on his classification of the Dedication as a covenant. Privity is not required for an easement to be valid. *USA Cartage Leasing, L.L.C. v. Baer*, 429 Md. 199, 209, 55 A.3d 510, 516 (2012) (listing the requirements for an express easement). There has been no allegation that the plat in question, if it is categorized as an easement, would not meet the requirements to be and remain valid. Indeed, appellant concedes that "[e]asements, on the other hand, survive tax sale . . . ."

12

Appellant relies upon *Lippert v. Jung*, 366 Md. 221, 785 A.2d 206 (2001), for the proposition that he acquired a new title by virtue of the earlier tax sale, a new title granted by the sovereign, Prince George's County. Appellant's reliance on *Lippert* is misplaced. The *Lippert* court addressed title to land in the context of a party's claim of adverse possession. Making clear that title relates to ownership of land, not the character of the land, the Court stated as follows:

> "Adverse possession of land in respect to ownership or rights in the land is a concept of title. In other words, if one adversely possesses land for the requisite time, the character of the land is not changed. Whatever its character, the land remains the same. What the adverse user achieves is title to the land-ownership. Accordingly, the nineteen years of adverse possession in the case at bar related to the prior title to the property. That title was extinguished by the creation of a new title to the identical land through the tax sale and foreclosure proceeding, before the possession adverse to the prior title ripened. The title against which the Lipperts' adverse possession was, at one time, running, no longer exists. It is gone."

*Id.* at 235, 783 A.2d at 214. As appellee Prince George's County points out, appellant is the sole owner of Parcel A and there has been no attack on his title based on prior titles or encumbrances of private persons. Appellant is attempting to alter the inherent *character* of Parcel A, not the title. The character of the land has remained unchanged and unaltered since Parcel A was created over three decades ago.

Moreover, *Lippert* is inapposite because *Lippert* dealt with private encumbrances. Quoting *Hill v. Williams*, 104 Md. 595, 604, 65 A. 413, 414 (1906),[5] the *Lippert* Court pointed out that, where it was argued that an easement on property was not extinguished by a tax sale, "the purchaser at a tax sale, when the proceedings are regular, is clothed with a new and complete title in the land, under an independent grant from the sovereign authority, *which bars or extinguishes all titles and encumbrances of private persons, and all equities arising out of them*." *Lippert*, 366 Md. at 233, 783 A.2d at 213 (emphasis modified). *Lippert* states that "[t]hus our older cases, *under law then existing*, held that even vested interests, i.e. easements as in *Hill* . . . were extinguished by a validly conducted tax sale and

---

[5]Section 14-844 and its predecessor established an exception to the common law rule espoused in *Hill v. Williams* that private easements and encumbrances were destroyed by a tax sale. *Hill v. Williams*, 104 Md. 595, 604, 65 A. 413, 414 (1906). In that case, Baltimore City sold a certain property as a "vacant lot" at a tax sale. *Id.* at 601-02, 65 A. at 413. Mrs. Hill objected to the confirmation of the tax sale. *Id.* at 602, 65 A. at 414. She contended that the property was actually an alleyway that had been dedicated to the use of the abutting property owners, including herself. *Id.* The court held as follows:

> "[The alleyway] therefore continued to be taxable after the creation of an easement just as it had been before; and if the taxes were not paid it was liable to be sold, even though by such a sale the easement would be destroyed; because the purchaser at a tax sale, when the proceedings are regular, is clothed with a new and comple title in the land, under an independent grant from the sovereign authority, which bars or extinguishes all titles and encumbrances of private persons, and all equities arising out of them."

*Id.* at 604, 65 A. at 414. It thus appears that the common law rule in Maryland was that all private easements were extinguished by a tax sale.

14

foreclosure proceedings." *Id.* at 234, 783 A.2d at 213 (emphasis added). *Lippert* has no bearing on the interpretation of § 14-844 and applies to private encumbrances, not public dedications.

Appellant argues that he is "stuck" owning property from which he can receive no benefit. Every deed in appellant's chain of title, however, has mentioned plat 114-32. Appellant's predicament is one of his own doing and the result of his failure to engage in the most basic due diligence. Even if the State represented at tax sales that properties would be sold free of all encumbrances, which it does not, appellant did not purchase the property at a tax sale. He purchased his property in an arms-length transaction with a private party, Vijay Tonse. Tonse also purchased the property from a private party, Akila Nayak. It is only then that we find the tax sale to Nayak by Prince George's County. In order for appellant to have been the unwitting purchaser of a tax-sale property that he assumed would come without any danger of encumbrances, he would simultaneously have had to be aware of the tax sale to his distant predecessor-in-title and unaware of the Dedication contained in his own deed. As the trial judge cogently noted, "[h]ad [appellant] conducted even a cursory investigation into the property as due diligence would require, he would have been well aware of the building restriction."

The Dedication in Plat 114-32 creates an easement, not a covenant. As such, it is enforceable against appellant without privity with the original dedicator. Similarly, because it is an easement and it is recorded, it falls under § 14-844. It therefore survived the tax sale

15

to appellant's predecessor in title. Accordingly, we hold that the Dedication contained in Plat 114-32 was not extinguished by any tax sale, remains binding on Bernando Flores, his heirs, successors and assigns and requires Parcel A to remain a permanent green space buffer in perpetuity.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**